### 25850. LOVELL *v.* CITY OF GRIFFIN.

MacINTYRE, J. 1. There was no conflict between the law as embodied in the Code, §§ 72-401, 72-9901, and the municipal ordinance as follows: "Be it ordained by the Board of Commissioners of the City of Griffin: Section 1: That the practice of distributing either by hand or otherwise, circulars, handbooks, advertising, or literature of any kind, whether said articles are being delivered free, or whether same are being sold, within the limits of the City of Griffin, without first obtaining written permission from the City Manager of the City of Griffin, such practice shall be deemed a nuisance, and punishable as an offense against the City of Griffin. Section 2: The Chief of Police of the City of Griffin and the police force of the City of Griffin are hereby required and directed to suppress the same and to abate any nuisance as is described in the first section of this ordinance."

2. The ordinance is not unconstitutional because it abridges the freedom of the press or prohibits the distribution of literature about the petitioner's religion, in violation of the fourteenth amendment to the constitution of the United States, (Code, § 1-815). See *Coleman* v. *Griffin,* 55 *Ga. App.* 123 (189 S. E. 427). The ordinance is not attacked on the ground that it arbitrarily grants to the city manager the power to grant or refuse a license at will, such power being uncontrolled by any rule or standard or provision for review.

3. The charge that an ordinance is void because it violates a designated, numbered article, section, and paragraph of the constitution of the State of Georgia or of the United States, and then quotes the part of the constitution attacked, without stating wherein it violates the provision of the constitution, is too indefinite to invoke a ruling upon the constitutionality of the ordinance. *Curtis* v. *Helen,* 171 *Ga.* 256 (155 S. E. 202.)

4. "In the trial before a municipal court, the recorder, or the presiding judge, may take judicial notice of the ordinances of the city defining offenses against the same." *Bateman* v. *Atlanta,* 51 *Ga. App.* 10 (179 S. E. 403).

5. The judge of the superior court did not err in refusing to sanction the petition for certiorari.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

DECIDED MARCH 11, 1937. REHEARING DENIED MARCH 31, 1937.

610

*H. A. Allen, John O. Owen, Charles G. Reynolds,* for plaintiff in error.

*J. O. Futral,* contra.