### MARTIN v. THE STATE.

ATKINSON, Justice. 1. A question of constitutional law not raised at the trial, but presented first in a petition to the superior court for a certiorari, is not properly presented for decision on a writ of error. *Bolton* v. *Newnan,* 147 *Ga.* 400 (94 S. E. 236); *Edwards* v. *McNair,* 152 *Ga.* 486 (110 S. E. 280); *Mays* v. *State,* 175 *Ga.* 260 (165 S. E. 68); *Lunsford* v. *State,* 187 *Ga.* 162 (199 S. E. 808).

2. Where, upon the trial of a misdemeanor case in the criminal court of Fulton County, the accused demanded a full panel of jurors, to which the trial judge asked, "What do you mean 'full panel'?", and counsel replied, "We ask that the full panel be put upon the accused in accordance with' the law, and waive no rights," and where the court directed the clerk to call the first twelve jurors in the box, and thereupon the accused was arraigned, and counsel for the accused and for the State proceeded to strike from the list of twelve jurors until only five remained, who were sworn, such procedure does not raise before the trial court the question of the constitutionality of the act of 1891 (Ga. L. 1891, p. 935), creating said court and providing that a jury shall consist of five to be stricken alternately from a panel of twelve.

3. Other assignments of error in the petition for certiorari and in the writ of error, not being questions over which this court has jurisdiction, the case is transferred to the Court of Appeals.

*Transferred to the Court of Appeals. All the Justices concur, except Head, J., disqualified.*

No. 15255. SEPTEMBER 7, 1945.

*Wesley R. Asinof,* for plaintiff in error.

*Lindley W. Camp,* solicitor, *E. E. Andrews,* solicitor-general, and *Durwood T. Pye,* contra.