BROCKETT *v.* MAXWELL, Ordinary.

CANDLER, Justice. 1. While neither party has raised any question as to whether this case should be transferred to the Court of Appeals as the court of review having jurisdiction, it is the duty of this court, with or without motion of a party, to consider the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction; and the present case is one calling for such inquiry. *Dobbs* v. *Federal Deposit Ins. Corp.,* 187 *Ga.* 569 (1 S. E. 2d, 672) ; *McDowell* v. *McDowell,* 194 *Ga.* 88, 91 (20 S. E. 2d, 602).

2. The question as to this court's jurisdiction of the particular case depends on whether the constitutionality of a statute is drawn in question, within the meaning of the constitutional provision relating to jurisdiction of the Supreme Court, there being in the record no other ground upon which such jurisdiction could be thought to rest. Code, § 2-3005; and see also art. 6, sec. 2, par. 4, amendment to the Constitution, ratified August 7, 1945.

3. "A question of constitutional law ,not raised at the trial, but presented first in a petition to the superior court for a certiorari, is not properly presented for decision on a writ of error." *Martin* v. *State,* 199 *Ga.* 731 (35 S. E. 2d, 151).

4. Furthermore, "A constitutional question which bears no reasonable relation to the case in hand could not be considered as determining jurisdiction. The question must at least be so related to the particular case that a decision thereon will be necessary unless it shall become unnecessary because of rulings on other questions raised." *Florida State Hospital* v. *Durham Iron Co.,* 192 *Ga.* 459, 465 (15 S. E. 2d, 509).

5. Under the rule stated in 3 above, if the order of the ordinary declar-

ing the result of the election was of such character as to be reviewable by the writ of certiorari, the validity of the statute could not be challenged for the first time in the petition for certiorari.

(a) On the other hand, under the ruling in 4 above, if the action of the ordinary was not of such character as to be reviewable by such writ, the petition for certiorari could not be aided by the attack on the statute, no matter when such attack was first made, and therefore the constitutional question could never be reached under such a petition. See, in this connection, *Southeastern Greyhound Lines* v. *Georgia Public Ser. Comm.*, 181 *Ga.* 75 (181 S. E. 834, 102 A. L. R. 517); *South View Cemetery Assn.* v. *Hailey*, 199 *Ga.* 478 (34 S. E. 2d, 863). Accordingly, in any view of the case, no question as to the constitutionality of a statute is presented for determination. It follows that the Court of Appeals and not the Supreme Court has jurisdiction of the writ of error, and the case is transferred accordingly. Code, § 2-3009.

*Transferred to the Court of Appeals. All the Justices concur.*

No. 15305. JANUARY 9, 1946.

*A. B. Conger*, for plaintiff. *Vance Custer*, for defendant.