SMITH *v.* MAYOR &c. OF MACON.

No. 15718.    FEBRUARY 5, 1947.    REHEARING DENIED MARCH 20, 1947.

*E. F. Taylor* and *Thomas A. Jacobs Jr.,* for plaintiff in error.
*E. W. Maynard* and *Ellsworth Hall Jr.,* contra.

CANDLER, Justice. ■ The office of a certiorari is to review a judgment of an inferior judicatory when such tribunal exercises judicial or quasi-judicial powers. Code, § 19-201; *Bryant* v. *Board of Education of Colquitt County,* 156 *Ga.* 688 (119 S. E. 601). A petition for certiorari is in effect a motion for new trial, and it is well settled that in an application for the writ the petitioner "shall plainly and distinctly set forth the *errors* complained of." Code, § 19-203. An error which may be corrected by a writ of certiorari

is one made by the tribunal whose judgment is being reviewed because of such error. Where it does not appear from the record that an issue was made in the trial court, it can not be raised for the first time by certiorari in the superior court and reviewed in this court. *Hood* v. *Griffin,* 113 *Ga.* 190 (34 S. E. 409); *Duren* v. *Thomasville,* 125 *Ga.* 1 (53 S. E. 814); *Hardy* v. *Eatonton,* 128 *Ga.* 27 (57 S. E. 99); *Bolton* v. *Newnan,* 147 *Ga.* 400 (94 S. E. 236); *Martin* v. *State,* 199 *Ga.* 731 (35 S. E. 2d, 151); *Brockett* v. *Maxwell,* 200 *Ga.* 213 (36 S. E. 2d, 638).

In the *Brockett* case, this court said: "A question of constitutional law not raised at the trial, but presented first in the petition to the superior court for a certiorari, is not properly presented for decision on a writ of error."

In our examination of *Empire Investment Co.* v. *Hutchings,* 166 *Ga.* 749, 752 (144 S. E. 209), we looked at the original record on file in this court, and nothing held in that case is in conflict with what we have said here. There the petition for certiorari did not undertake to draw into question the constitutionality of an act. A motion was made to dismiss the writ of certiorari upon the ground that an act approved August 7, 1925 (Ga. L. 1925, p. 463), amending the act creating the Municipal Court of Macon, expressly denied the right of certiorari in such cases. A response by the plaintiff in certiorari attacked the constitutionality of the act, and the court refused to dismiss the writ of certiorari upon the ground that the act was unconstitutional since it undertook to restrict the constitutional jurisdiction of the superior courts to grant the writ, and it was to this judgment only that an exception was taken.

In the instant case, the plaintiff in error by his petition for the writ of certiorari sought to attack, for the first time, the constitutionality of section 64 of the act of 1927 (Ga. L. 1927, p. 1321), and on authority of the cases we have cited, together with many others by this court, we again hold that this cannot be done, and accordingly answer the second question submitted in the negative.

■ Having held in the preceding division, in answer to the second question certified to us, that a constitutional question may not be raised for the first time in a petition for the writ of certiorari, we think that it becomes unnecessary to answer the other

questions, since a determination of them depends entirely upon an affirmative answer to the question we have considered.

*All the Justices concur. Jenkins, C. J., concurs specially.*

JENKINS, Chief Justice, concurring specially. A statute may be in part constitutional and in part unconstitutional. If the plaintiff in error had merely attacked in the superior court, upon the presentation of his petition for certiorari, the illegal unconstitutional provision that no appeal by certiorari can be had from the judgment of the mayor and council, I think that he could have been heard to do so, for the reason that this was the first opportunity that such attack could properly have been made. He has, however, after availing himself of the right and benefit of an appeal to the mayor and council, sought here to attack as unconstitutional, not only the portion which denies the right of certiorari to the superior court, but the entire provision authorizing the right of appeal to the mayor and council, of which right he has availed himself. This he cannot do.