CHEEK *v.* WHITE, Chairman, *et al.*

CANDLER, Justice. Cheek applied to the Chief Building Inspector of Fulton County for a use and occupancy permit respecting certain lands which he owned in a section of the county zoned for residential purposes. He sought permission to use his property for commercial purposes. His application for such a permit was denied. The building inspector's decision was made the subject of an appeal to the Board of Zoning Appeals of Fulton County. The board, after a hearing, sustained the building inspector, and also denied an application to vary the use of the applicant's land from residential to commercial purposes. Being dissatisfied with that judgment, a petition for certiorari was filed in the Superior Court of Fulton County, in which it was alleged, among other things, that the decision of the building inspector, and that of the board of zoning appeals, was illegal because it deprived him of stated constitutional rights respecting the use of his property, and because also the authority under which the inspector and the board acted, namely, an act of the General Assembly approved December 22, 1937 (Ga. L. Ex. Sess., 1937-38, p. 819), is null and void, in that it offends several enumerated provisions of the State and Federal Constitutions. Such a contention had not been previously made, but was raised for the first time in the petition for certiorari. The exception here is to a judgment overruling and dismissing that petition. In the bill of exceptions it is stated that the Supreme Court has jurisdiction of the writ of error "for the reason that the constitutionality of the law creating the zoning authority in Fulton County, Georgia, is involved in this case." *Held:*

1. "While neither party has raised any question as to whether this case should be transferred to the Court of Appeals as the court of review having jurisdiction, it is the duty of this court, with or without motion of a party, to consider the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction; and the present case is one calling for such inquiry." *Brockett* v. *Maxwell,* 200 *Ga.* 213 (36 S. E. 2d, 638).

2. A question of constitutional law not raised in the tribunal whose judgment is under attack, but presented for the first time in a petition for certiorari to review the judgment complained of, is not properly raised for decision on a writ of error to this court. *Martin* v. *State,* 199 *Ga.* 731 (35 S. E. 2d, 151). A petition for certiorari is in effect a motion for new trial, in which the plaintiff "shall plainly and distinctly set forth the errors complained of," and an error which may be corrected thereby is one made by the tribunal whose judgment is being reviewed because of such error. *Smith* v. *Macon,* 202 *Ga.* 68 (42 S. E. 2d, 128).

3. Since no question of constitutional law is properly presented for decision in the present case, and the case is not one which otherwise falls within the jurisdiction of this court, the writ of error must be transferred to the Court of Appeals as the court of review having jurisdiction. Code (Ann. Supp.), §§ 2-3704, 2-3708.

*Transferred to the Court of Appeals. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16337.   October 11, 1948.

*Walter A. Sims,* and *Joseph S. Crespi,* for plaintiff.

*Durwood T. Pye, W. S. Northcutt,* and *E. A. Wright,* for defendants.