32272.   CHEEK *v.* WHITE, Chairman, *et al.*

DECIDED. JANUARY 21, 1949.

*Walter A. Sims, Joseph S. Crespi*, for plaintiff.

*W. S. Northcutt, E. A. Wright, Durwood Pye*, for defendants.

SUTTON, C. J.   L. L. Cheek applied for and received a permit from the Chief Building Inspector of Fulton County to build a 2-car private garage with storage room of frame construction at a location zoned for residential use.   After the building was completed, his application for a use and occupancy permit, whereby he sought to use the property for commercial purposes, was denied by the building inspector.   Cheek appealed this action to the Board of Zoning Appeals of Fulton County and that board sustained the action of the building inspector and denied an application for variance from residential to commercial purposes with respect to the use of the property.   Cheek then petitioned the Superior Court of Fulton County for certiorari.   The petition was sanctioned and the writ of certiorari issued, and thereafter, upon consideration of the case, the certiorari was overruled and dismissed.   Cheek appealed to the Supreme Court, and the case was transferred by that court to this court.   See *Cheek* v. *White*, 204 *Ga.* 321 (49 S. E. 2d, 819).   The evidence introduced at the trial before the Board of Zoning Appeals relates to the fact that after completion of the building in an area zoned exclusively for residential purposes, and without securing a use and occupancy permit, Cheek began using the same as a storage place and a center of activities for his business as a paper hanger and painting contractor, and kept a truck or trucks, ladders, and large amounts of paint and mineral spirits on the premises.   It is apparent that a use and occupancy permit, and a variance of the property from residential to commercial purposes, was necessary in order to permit the continued use of the premises in this man-

ner.  The Board of Zoning Appeals of Fulton County is vested with a broad discretion in the matter of zoning property.  See the act of 1937 (Ga. L. Ex. Sess., 1937-8, p. 819 et seq.), and the act of 1939 (Ga. L. 1939, p. 584 et seq.).  In § 15 of this latter act (Ga. L. 1939, p. 592), it is provided:  "The Board of Commissioners of Roads and Revenues of Fulton County are authorized to create a board of zoning appeals which said board shall hear and decide appeals from, and review any order, requirement, or determination made by, the inspector of buildings in the enforcement of zoning regulations or made by any other official of the county to whom the enforcement of these regulations may be delegated.  The board of zoning appeals in its administration of said regulations may permit an exception to the regulations herein provided for and shall lay down rules and regulations for hearings on petitions for such exceptions to the said regulations, and grant or reject the same as in their judgment may seem best."  No abuse of the discretion vested in the Board of Zoning Appeals is shown by the judgment of that board in sustaining the action of the building inspector in denying Cheek a use and occupancy permit, nor in denying a variance in the use of the premises from residential to commercial purposes, and consequently the judge of the superior court did not err in overruling and dismissing the certiorari.

*Judgment affirmed.  Felton and Parker, JJ., concur.*