33347.  BRINKMAN *v.* CITY OF GAINESVILLE.

DECIDED MARCH 15, 1951.

510

*Pierce Brothers,* for plaintiff in error.

*Hammond Johnson Jr., Emory F. Robinson,* contra.

GARDNER, J. ■ It is urged by the defendant that the court erred in overruling and dismissing the certiorari; and since it amounted to a final judgment, it is contended that the court should have remanded the certiorari to the lower court with proper instructions as to the application of the ordinance. The defendant cites in support of this contention *Deaton* v. *Taliaferro,* 80 *Ga. App.* 688 (57 S. E. 2d, 215). This case does not sustain the contentions of the defendant in the instances here under consideration. Code § 19-501 provides: "Upon the hearing of a writ of certiorari the superior court may order the same

to be dismissed, or return the same to the court from which it came, with instructions; and in all cases when the error complained of is an error in law which must finally govern the case, and the court shall be satisfied there is no question of fact involved which makes it necessary to send the case back for a new hearing before the tribunal below, it shall be the duty of the said judge to make a final decision in said case, without sending it back to the tribunal below." It will be noted that the section of the Code quoted provides that, if there is no question of fact involved which makes it necessary to send the case back for rehearing before the court below . . it shall be the duty of the said judge to make a final decision in the case without sending it back to the tribunal below." So far as we know this has long been the practice in this State. There is no question of fact for the tribunal below to pass upon. As we have pointed out, the facts are undisputed. There is only a question of law as to whether the ordinance is valid or invalid as a matter of law, which we will discuss later.

We will discuss next the question as to whether the constitutional question as to the validity of the ordinance involved was properly raised in the lower tribunal. Counsel for the city contends in effect that, since there was no written demurrer or plea in the recorder's court raising the constitutional question, and it was raised only in the proceedings pertaining to the certiorari, this court is without authority to consider the same. We do not understand this to be the law applicable to the instant case. The recorder's court is not a court of record. It appears from the petition for certiorari and the answer of the trial judge that the defendant in the recorder's court defended on the ground that the ordinance was unconstitutional, and the case was tried on this theory and under this defense. Counsel for the city calls our attention to a number of decisions as follows: *Brach Sons* v. *Oglesby Grocery Co.*, 33 *Ga. App.* 481; *Hardy* v. *Mayor of Eatonton*, 128 *Ga.* 27; *Lovell* v. *Griffin*, 55 *Ga. App.* 609; *Rose Theater* v. *Lilly*, 185 *Ga.* 53 (2); *Smith* v. *Mayor of Macon*, 202 *Ga.* 68; *Hood* v. *Griffin*, 113 *Ga.* 190; *Dodys* v. *State*, 73 *Ga. App.* 311; *Brockett* v. *Maxwell*, 200 *Ga.* 213; *West* v. *Frick Co.*, 183 *Ga.* 182; *Gray* v. *City of Atlanta*, 183 *Ga.* 730. We have read these cases with the view of ascertaining if any

of them sustain the position of counsel for the city. We cannot find that they do. *Hood* v. *Griffin,* supra, comes closer to it than any of the others. In the *Hood* case, on page 191, the court said: "The question as to the unconstitutionality of the ordinance, made in the oral argument and brief of counsel for plaintiff in error, is not presented for our determination by the record before us, it not having been made by the demurrers filed in the court below. The demurrers did allege that 'the ordinance is absolutely null and void' that 'the Mayor and Council of the City of Griffin had no authority to adopt an ordinance prohibiting the keeping for sale spirituous, vinous, or malt liquors within the corporate limits of the City of Griffin' and that 'the said ordinance is an invalid restriction of the personal liberty of any citizen of Griffin to dispose of his domestic vinous liquors and non-intoxicating malt liquors and spirituous liquors not intended or sold as beverages.' But these allegations, whether taken separately or all together are entirely too general to be considered as an attack upon the constitutionality of the ordinance upon the ground urged in the argument here. Nothing in the demurrers even tends to indicate why the ordinance, as alleged in one paragraph 'is absolutely null and void,' unless it be because, as claimed in another paragraph, 'the Mayor and Council of the City of Griffin had no authority to adopt' it, and the ground upon which it is alleged that they had no such authority is left to mere conjecture. Nor is any reason given why 'the said ordinance is an invalid restriction of the personal liberty of any citizen of Griffin to dispose of his domestic vinous liquors, and non-intoxicating malt liquors and spirituous liquors not intended or sold as beverages.' So far as the demurrers are concerned, we are left to grope in the dark for the ground, or grounds, upon which the validity of the ordinance was attacked. As a constitutional point was not made in the record, under the previous rulings of this court the question cannot be considered. *Durham* v. *Cantrell,* 103 *Ga.* 166; *Brooks* v. *Raiden,* 113 *Ga.* 86." It will be noted that in that case a demurrer was filed, and the court stated that it was left groping in the dark as to whether or not the constitutional question was raised in the demurrer filed in the court below. In the instant case, no demurrer was filed, but the defendant did, under his general plea

of not guilty, bring into question the constitutionality of the ordinance under which he was being tried; and it appeared from the petition for certiorari clearly and fully, and by the answer of the recorder who tried the defendant, that the constitutionality of the ordinance of the city was brought to the recorder's attention, and he passed on the constitutionality of the ordinance and found that it was valid, and the recorder further found, as appears from his answer, that the defendant *abused* his constitutional right by using a loud speaker in the manner he did and in violation of the ordinance. Therefore, we hold as a matter of law under the record of this case that the constitutional question as to the validity of the law under which the defendant was tried is properly before this court.

■ We come next to determine whether the judge of the superior court correctly overruled and dismissed the certiorari on the ground that the lower tribunal did not err in holding as a matter of law that the constitutional rights granted to the defendant under the provisions of the Constitution of the State of Georgia and of the United States, as herein above set forth, were not violated. The gist of the ordinance, which is contained in division 1 as set forth above, reads: "Upon and after the passage of this ordinance, the operation upon the public streets, alleys or thoroughfares of the City of Gainesville, by any person, firm or corporation, of a loud speaker or public address system from any vehicle." It is clear to our minds that this ordinance is not an infringement upon the rights of the defendant granted to him by the provisions of the Constitution of the State of Georgia nor of the United States. The thoroughfares of cities are for the comfort and convenience of all people using them. They are maintained by the public, and to say that anyone has a constitutional right to use, on these streets, a loud speaker or public-address system from any vehicle, it seems to us overlaps and interferes with the constitutional rights of other people. We find that it makes no difference whether the violation is using the loud speaker to broadcast what one terms recorded sermons or using the same for vending goods or promoting some political candidate or for some other purpose. This defendant definitely used this loud speaker, which could be heard for blocks, in a very noisy manner to the disturbance

of the public schools and other citizens in the city. It seems to us that to hold this ordinance unconstitutional would permit various religious sects or people of different political beliefs, or propagandists for business groups or competitors, either by them-selves or all at once, to take charge of the thoroughfares of the City of Gainesville to the destruction of the rights, both personal and property, of citizens engaged in peaceful and lawful pursuits. This is not an ordinance against giving one the right to worship God according to the dictates of his own conscience, nor is it one to curtail or restrain the liberty of speech or of the press. We think that the intention of the ordinance was to prohibit artificial loud noises which interfered with constitutional and lawful rights of others on a public thoroughfare. Our attention is called to the case of Lovell *v.* Griffin, 303 U. S. 444, 453 (58 Sup. Ct. 666, 82 L. ed., 949), which reversed the Court of Appeals (55 *Ga. App.* 609). We do not think that the facts in that case are applicable here. Our attention is also called to Kovacs *v.* Cooper, 336 U. S. 77 (69 Sup. Ct. 448, 93 L. ed. 513, 10 A.L.R. 608). Upon a careful reading of that case it will be seen that the Supreme Court did not hold that an ordinance such as that under consideration here, was unconstitutional. In that case, which went to the Supreme Court from New Jersey, concerning an ordinance of the City of Trenton, the ordinance provided: "That it shall be unlawful for any person, firm, or corporation, either as a principal, agent or employee, to play, use or operate for advertising purposes, or for any other purpose whatsoever, on or upon the public streets, alleys or thoroughfares in the City of Trenton any device known as a sound truck, loud speaker or sound amplifier or radio or phonograph with a loud speaker or sound amplifier, or any other instrument, known as calliope or any instrument of any kind or character which emits therefrom loud or raucous noise and is attached to or upon any vehicle operated or standing upon said streets of public places aforementioned." In that case Justices Reed, Vinson, and Burton joined in affirming the conviction of the defendant on the theory that the ordinance prohibited the use in streets, not only of sound trucks and amplifying devices, but such instruments and devices as emitted loud and raucous noises. Justices Frankfurter and Jackson in a separate concurring opin-

ion expressed a view that the city might absolutely prohibit all use of sound amplifiers in streets without infringement on the rights of free speech. Justices Black, Douglas, and Rutledge dissented on the ground that conviction was had under a construction of the ordinance which prohibits the use of sound trucks and sound amplifiers on the street and, therefore, infringed upon the defendant's constitutional rights. Justice Murphy dissented separately without an opinion. It seems to be the weight of authority from several States that such a prohibition as is involved in the ordinance in the instant case is not unconstitutional. We cite some of them. See Hamilton v. Montrose, 109 Colorado, 228 (124 Pac. 2d, 757); Maupin v. Louisville, 284 Kentucky, 195 (144 S. E. 2d, 237); People v. Reilly, 14 N. Y. Supp. 2d, 589. We would like also to call attention to *Jones* v. *City of Moultrie*, 196 *Ga.* 526 (27 S. E. 2d, 39), the principle in which is, we think, applicable to the question now under consideration. At page 530, the court said: "While there is no power to control what a person may believe about religion or the type of religion he may adopt or profess, yet there is a power under the law to limit his acts, even though to do such acts may be part of his religious beliefs."

From the authorities which we have called attention to (and there are many others), it will be readily discerned that the question under consideration in this, the 3rd division of our opinion, has received much discussion and brought forth diversities of opinion. But all in all, we are constrained to believe, under the record of the instant case, that the court did not err in overruling and dismissing the certiorari.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*