### 35485. BROWN *v.* CITY OF VALDOSTA.

GARDNER, P. J. The defendant was convicted in the Recorder's Court of the City of Valdosta for the violation of a city ordinance, which provided that any person having possession of whisky without the stamps which the city ordinance required would be guilty of a violation of the

ordinance and subject to a fine not to exceed $200. The defendant was sentenced to a fine of $100 or ninety days in jail, under the provisions of the ordinance. He filed his application for the writ of certiorari on the ground that the ordinance was void under the Constitution of Georgia and the provisions of law, for that the possessing of whisky was a misdemeanor under the State law and therefore the Recorder's Court of the City of Valdosta had no jurisdiction of the offense charged and was without jurisdiction to try the defendant. On the application for certiorari, the court ordered the writ to issue. The defendant alleged in his application for certiorari a number of grounds as to why the court should sustain the allegations and reverse the recorder's court. The recorder answers the allegations of each ground in the petition for certiorari. Among the paragraphs of the answer, the recorder said: "During the trial, no question was raised as to the validity or constitutionality of any ordinance of the city." The recorder's answer was not traversed. This being true, the superior court did not err in taking the allegations of the answer as true and in dismissing the cases. In *Duren* v. *City of Thomasville*, 125 *Ga.* 1 (3) (53 S. E. 814), the Supreme Court said: "Neither the superior court nor this court can consider questions raised in a petition for certiorari that were not before the trial judicatory." To the same effect see *Smith* v. *City of Macon*, 202 *Ga.* 68 (1) (42 S. E. 2d 128), in which the Supreme Court said: "A question of constitutional law not raised at the trial, but presented first in a petition to the superior court for a certiorari is not properly presented for decision on a writ of error." See also *Dodys* v. *State*, 73 *Ga. App.* 311 (36 S. E. 2d 164).

Under this situation, the superior court did not err in affirming the judgment of the recorder's court.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*
DECIDED MARCH 17, 1955.

*Jesse T. Edwards,* for plaintiff in error.
*B. Lamar Tillman, Henry T. Brice,* contra.