## Mountainville Election District's Annexation.

Argued May 13, 1931. Before FRAZER, C. J., WALL-
ING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

*Ralph H. Schatz,* with him *Oliver W. Frey,* for appel-
lant.—The court below erred in failing to require the
appellees (petitioners for annexation) to bear the bur-
den of proof and show compliance with the provisions
of the Act of Assembly of May 9, 1929, P. L. 1694, and
in requiring the appellants to proceed and prove non-
compliance with said act of assembly and in overruling
the objection of the appellants relating to the burden of
proof.

The court erred in finding that, with slight variance,
the weight of the testimony conclusively shows that the
plot and the description coincide and that if there should
be any variance between the two, the plot controls for
that is all that is required under the act; and in enter-
ing its decree that all the proceedings in relation to the
annexation proceedings appear to be in conformity to
law; and in approving said annexation proceedings and
dismissing the appeal.

*Horace W. Schantz,* with him *Linn H. Schantz* and
*Calvin E. Arner,* for appellees.—The burden of proof is

upon him who alleges that an act was in breach of law: Phœnix Brewing Co. v. Rumbarger, 181 Pa. 251.

Opinion by Mr. Chief Justice Frazer, June 27, 1931:

In June, 1930, a petition signed by voters and property owners of the Township of Salisbury in Lehigh County, was presented to the council of the City of Allentown, a city of the third class, asking that the city annex a portion of the Mountainville Election District in that township, under the authority of the Act of May 9, 1929, P. L. 1694, which provides for "annexation of boroughs having a population of less than ten thousand inhabitants, townships or parts of townships or outlying lots, to cities of the third class." The petition included a description by metes and bounds of the territory to be annexed. Following the procedure prescribed by the act, notices were published and the Allentown Council, in July, 1930, adopted an ordinance authorizing the annexation prayed for. In due course, the petition, together with a certified copy of the ordinance, was filed and docketed in the office of the Clerk of Quarter Sessions of Lehigh County. Within the thirty days specified by the act, a number of qualified voters of the township, appellants here, presented their petition to the Lehigh County Court of Quarter Sessions, setting forth that the annexation proceedings here in question were not in conformity with the act of assembly and asking that an appeal be allowed, whereupon the court granted petitioners' prayer. Appellants' principal complaints were that the plan or plot failed to show the proper location on the ground of all streets and highways within the area to be annexed, and that the lines appearing on the plot intended to indicate the territory included in the annexation proceeding did not accord with the description of the territory to be annexed as set forth in the public notices. Under authority given in the Act of 1929, the court having allowed an appeal from the annexation ordinance, heard testi-

mony and filed an opinion finding the proceedings to be in conformity with the act, and entered a decree dismissing the appeal. Complainants, who are voters and taxpayers of Salisbury Township, have appealed.

Complainants' first assignment of error relates to the action of the trial judge, at the hearing in the court below, in not requiring petitioners for annexation to bear the burden of proof and show compliance with the provisions of the Act of 1929; following an offer of the annexation record by petitioners, the court required objectors to assume the burden of proceeding and prove the averments in their petition that the annexation procedure was improper by reason of failure to comply with the provisions of the Act of 1929. Under the provisions of the act, in case of an appeal as here, it becomes the duty of the court simply "to decide whether the proceedings are in conformity with this act, making an order or decree dismissing the appeal and approving the annexation or sustaining the appeal and dismissing the annexation" (see section 3, P. L. 1695). We agree with the position of the court below that the burden of proof of noncompliance with the act, which in this case entailed the burden of proceeding with the hearing, was upon appellants.

Petitioners having, at the outset, offered in evidence petitions presented to the Allentown Council, the ordinance passed by that body, notices of publication, certification of the proceedings to the office of the clerk of quarter sessions and other annexation papers, which must be received as prima facie valid, were properly before the court. The ordinance having been adopted by council, a legislative body, was presumptively legal, and the burden of proving illegality passed to those who averred illegality. The sole question before the court was whether the procedure followed was in conformity with the requirements of the act of assembly and petitioners having made out a prima facie case by offering in evidence the essential matters referred to, the bur-

den of establishing illegality and of further proceedings devolved entirely on appellants.

We pass to the several assignments of error under which appellants question the sufficiency of the plots or maps of the territory to be annexed and upon which they mainly rely. Their contention is that the plots do not accurately comply with the provisions of the annexation legislation which reads: "All such petitions shall be accompanied by a plot or plots of the territory to be annexed, showing all streets and highways, municipal improvements and public buildings." Complainants produced two witnesses, Schaeffer, a civil engineer, and Ruhf, a tax collector for Salisbury Township. The substance of their testimony was that a short street called Normandy, which the map placed outside the southern line of the included territory, should have been placed within the land to be annexed; that Miller Avenue, "a road running [east] from the state highway leading from Allentown to Philadelphia," was omitted from the plot; that a public road referred to as the American Telephone and Telegraph Road was not shown and that Waldheim Road had been omitted. Petitioners called Harry F. Bascom, a civil engineer employed in the engineering department of the City of Allentown, who testified that the roads named were shown on the plot, with the exception of Waldheim Road, which he said, and the court found, was a private road maintained by a private park association. The court below properly held that inasmuch as citizens of the township have no interest in privately owned roads in proceedings of the present character, the words "streets and highways" in the above quoted section of the act refer only to thoroughfares of a public nature. This view is borne out by the fact that the words in the act which immediately follow the reference to streets and highways mentions *"municipal* improvements and *public* buildings." As to the question whether the other three highways mentioned appeared on the plot, the court had conflicting evidence

before it. From this evidence, it found "that Miller Avenue, Normandy Avenue and the American Telephone and Telegraph Roads are designated on the plots"—although not in every case by these names—and that "with slight variance, the weight of the testimony conclusively shows that the plot and description coincide." Appellants have produced nothing to warrant a disturbance of this finding. Our examination of the variance shows it to be inconsiderable. It is to be noted that the witness Schaeffer, on being questioned by the court, said he made measurements, which were the basis of his statements in reference to inaccuracy of the plot, with a steel tape. Appellees contend that measurements taken with modern surveying instruments prove Schaeffer's measurements to be inaccurate. However that may be, the Act of 1929 does not require the map to show the location "on the ground" of all public streets and highways. As observed by the court, the purpose of the plot is to inform "the proper authorities of the annexing municipality as to what public streets and highways [municipal improvements and public buildings], they are asked to take within their boundaries and maintain as such." From the evidence produced before us, the plot submitted appears adequately to conform to this requirement. If there are merely minor inconsistencies, and such is the case here, between the description given in the advertisements and the plot filed, the latter must control.

The remaining assignments of error were not pressed in the court below and consequently need not be discussed. The proceedings fully conform to the requirements of the applicable law, and the order of the court below should be affirmed.

The order confirming the annexation proceedings here involved is affirmed, costs to be paid by appellants.