## Commonwealth v. Harp

*S. Hutzelman*, for defendants.
*J. Altomare*, for plaintiff.

WOLFE, *P. J.*, February 14, 1975—The Commonwealth seeks an injunction against defendants to restrain them from soliciting and collecting solid waste refuse within the county by virtue of a solid waste ordinance adopted by all of the townships within the county except one. The ordinance provides for the health and welfare of the respective townships by regulating the storage, collection and disposal of garbage, rubbish and refuse and appoints the Forest County Solid Waste Authority as the exclusive agent and collector. The authority was duly constituted by Forest County for this purpose.

On the basis of the petition presented, coupled with a complaint in equity attached and a copy of the ordinance, which petition and complaint allege defendants are continuing to solicit and actually serve customers within the respective townships of the county despite notification to cease, and the Commonwealth alleging the activities of defendants are unlawful and constitute a continuing activity against the public interest as it is an activity disruptive to the comprehensive plan of the county for solid waste collection and disposal, we granted a preliminary injunction on January 13, 1975, restraining defendants from further activity in this regard. On January 18, 1975, the court heard arguments on the petition, at which time defendants filed preliminary objections to the complaint which we now resolve.

## JURISDICTION

Defendants argue this court lacks jurisdiction over the subject matter at issue, viz.: to enjoin the commission of future crimes and, in any event, the conduct of defendants does not constitute a public nuisance, and the Commonwealth has an adequate remedy at law by charging defendants with violations and imposing a fine as provided by the ordinance.

The ordinance, enacted April 9, 1973, as it pertains to this issue and as adopted by the various townships of the county except Burnett Township, mandates that the Forest County Solid Waste Authority is the authorized and appointed exclusive collector of refuse for the townships (by resolution each township adopted the ordinance) and prohibits the unauthorized accumulation of garbage, rubbish or refuse on any premises, and finally provides no person other than the collector shall collect or contract to collect and remove garbage, rubbish or refuse within the limits of the township (except for personal transportation and disposal) and provides a penalty of not less than $100 nor more than $300 for each violation.

Defendants acknowledge that while equity will not enjoin the commission of a crime in order to enforce the criminal law, nonetheless the criminal nature of an act will not for that reason deprive equity of jurisdiction if it otherwise is available: Everett v. Harron, 380 Pa. 123 (1955). Also Pa. Soc. for the Prevention of Cruelty to Animals v. Bravo Enterprises, 428 Pa. 350 (1968), holding that the mere fact an act is criminal neither confers equitable jurisdiction nor ousts it.

The ordinance which regulates the collecting and disposal of the solid waste was promulgated under and by virtue of the Second Class Township Code of May 1, 1933, P.L. 103, art. VII, sec. 702, as

amended by the Act of May 9, 1961, P.L. 194, sec. 1, 53 PS §65708. This act, in effect, permits second class townships to enter into contracts for the collection and removal of garbage, rubbish and other refuse material within the township and to fix, alter, charge and collect rates and other charges for the collection, removal and disposal of ashes, garbage, rubbish etc.

The act also permits the township to prescribe penalties for the enforcement thereof.

Defendants' various arguments that equity lacks jurisdiction must fail. The ordinance prohibits the unauthorized accumulation of garbage and provides, by virtue of section 6(3), that no person other than the authority's collector shall collect or contract to collect and remove garbage, refuse or rubbish within the limits of the township, provided no individual or his agent shall be prohibited from transporting his own personal rubbish or clean-up material to an authorized disposal. In Daugherty v. Messner, 404 Pa. 235 (1961), equity attached in a similar case where a garbage collector brought action against township supervisors to prevent them from interfering with his business of dumping garbage and to declare void an ordinance adopted by the supervisors regulating and prohibiting garbage dumps in the township. The court said the problem is less one of the need to dump garbage or even the competitive right to do so than it is the power of the local authorities to control it. The court recognized that, under the Act of 1955 as involved in that case, neither the act of the legislature nor the ordinance declared garbage dumping a nuisance but did find (at p. 238):

"We are therefore not dealing with a nuisance. As we said above, neither the Act nor the ordinance describes it so, and the court below did not find that the plaintiffs were conducting their business as a

nuisance. However, it is an activity that could rapidly become one and be a menace to health. Hence we cannot say that the ordinance does not have a reasonable relation to public health, morals, safety and general welfare."

Here, the authority has entered into a contract with a garbage collector in accordance with the ordinance. The contract will be continuously disrupted by the conduct of defendants if the conduct is permitted to continue and have a deteriorating effect on the orderly collection and disposal of garbage to the detriment of the health, morals, safety and general welfare of the public. The authority was created by the mandate of the county and has created an orderly fashion for the collection and disposal of garbage which, if constantly thwarted by defendants, will develop into a nuisance. The fact that the Commonwealth may revert to multiple arrests of defendants, on a day-to-day basis, for failure to abide by the ordinance does not, in our opinion, provide the Commonwealth with an adequate remedy at law. Further, the citizens of the county should not be in a constant state of confusion as to whom they are to permit to pick up their garbage and their possible involvement in breaches of the law for their failure to comply with an ordinance valid on its face. We are of the opinion, for these reasons, that equity should accept jurisdiction to resolve the dispute.

## LACK OF CAPACITY TO SUE

Defendants advance the argument that the Commonwealth, acting through its district attorney, does not have standing to bring action for violation of the ordinance because the Forest County Solid Waste Authority and not the Commonwealth is appointed as the enforcement officer: Section 3 (B)(6). It is true the authority is appointed as the

enforcement officer for the purpose of enforcing the regulations of the ordinance. However, in our judgment, this does not oust the jurisdiction of the public authorities as a proper party in interest. There is nothing in the ordinance that would preempt the right of the Commonwealth to act for violation of the ordinance nor does the ordinance grant exclusive jurisdiction to enforce to the authority: S.P.C.A. v. Bravo Enterprises, supra. At best, the authority granted to the enforcement officer appears to be that of administration, coupled with execution authority.

We therefore find no merit in this argument.

## DEMURRER

Defendants allege the complaint fails to state a cause of action. A review of the complaint determines that this argument fails. The question to be decided upon the facts averred in the complaint is whether it shows with certainty that the law will not permit a recovery, and where a doubt exists as to whether or not a summary judgment should be entered it should be resolved in favor of refusing to enter it: Gardner v. Allegheny Company, 382 Pa. 88; London v. Kingsley, 368 Pa. 109; Adams v. Speckman, 385 Pa. 308. Defendants' demurrer is couched in language of improper delegation of legislative power to the Solid Waste Authority by the county and the improper vesting of enforcement of the penal provisions of the ordinance, together with a constitutional attack on the entire ordinance as being invalid because the townships failed to receive an independent legal opinion as to their consequences and validity where the solicitor for the authority was the same law firm as the solicitor for all of the townships.

Although we might question these arguments to support a demurrer, we resolve this issue solely on

the complaint and accepting the facts as stated therein as true, as we are bound to do, we find that the Commonwealth has pleaded that defendants have solicited customers for refuse disposal service and are actually servicing such customers after enactment of an ordinance and after notification to defendants to cease their soliciting and operations. The complaint alleges that a continuation of defendants' activities constitutes a public nuisance and that the comprehensive plan of sanitary solid waste disposal is beneficial to the interest of the community.

We think there can be no question that, for the purposes of the demurrer, it must be denied. The created authority covers the entire county and regulates the collection and disposal of garbage and is not limited to one sector of the county but, rather, is an ordinance to promote the health, safety and welfare of the citizens residing therein. In Lutz v. Armour, 395 Pa. 576 (1959), the court addressed itself to a constitutional attack concerning a similar ordinance for garbage collection and disposal under the act we are here considering by stating: "It is a well established principle in our law that an act passed by a legislative body is presumed to be constitutional. Loomis v. Phila. School District Board of Education, 376 Pa. 428, 103 A. 2d 769 (1954); Mountainville Election District's Annexation, 304 Pa. 559, 156 Atl. 162 (1931). This presumption of constitutional validity applies with equal force to ordinances. Bilbar Construction Company v. Easttown Twp. Board of Adjustment, 393 Pa. 62, 141 A. 2d 851 (1958)." The court did find that an ordinance cannot be enacted under an exercise of the police power which is unreasonable and unduly oppressive or patently beyond the necessity of the case, and "the means which it employs must have a real and substantial relation to the objects sought to be attained. Under the guise of protecting the pub-

lic interest the legislature may not arbitrarily interfere with private business or impose unusual and unnecessary restrictions upon lawful occupations."

Viewing the complaint in its entirety and the purpose of the ordinance, we cannot conclude there is no cause of action stated. The fringe arguments attacking the basis of the ordinance in an allegation that there is an appearance of professional impropriety are utterly without merit; so too, is the argument that defendants did nothing more than act as an agent for a property owner to transport the person's own rubbish or clean-up material to an authorized site. The act specifically permits the township to contract for the hauling of solid waste and does not violate the equal protection clause of the constitutions of the United States or of this Commonwealth: Lutz v. Armour, supra. For these reasons we find a cause of action has been alleged and defendants will be required to join it with an answer.

## MOTION TO STRIKE

Defendants ask the prayer for relief in the complaint (paragraphs B and C) be stricken. We agree. The Commonwealth's action is primarily in equity, and although we do not deny that penal sanctions may be imposed by equity collaterally, we think it would be improper and not beneficial to either party to do so here. In any event the Commonwealth is protected under the criminal sanctions of the ordinance if it desires to pursue those independently. Thus, subsection (B) of the prayer for relief demanding that defendant Ronald Harp be found guilty of five separate violations of the ordinance and be fined not less than $100 nor more than $300, is stricken, as also is the request for relief that defendant Vernon A. Zimmerman be found guilty and be sentenced to pay a similar fine.

## MOTION FOR A MORE SPECIFIC COMPLAINT

Defendants request the Commonwealth to plead with specificity as to the time and place of the alleged soliciting and servicing of customers. Again, reviewing the complaint, we think it is sufficient for defendants to answer as there is no doubt paragraphs 6 and 7 allege defendants solicited customers for refuse disposal and actually serviced customers during the week of January 6 to January 10, 1975. There is no merit in this motion.

For the foregoing reasons, we enter the following

## DECREE

And now, February 14, 1975, the preliminary objections of defendants to jurisdiction, lack of capacity to sue, demurrer and motion for more specific complaint is denied and the preliminary objections for motion to strike is granted.

Defendants are granted 20 days to answer the complaint.