[J-8-2018] [MO: Baer, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**


| | | |
|---|---|---|
| ANTHONY M. RUFO AND TR GETZ, LP | : | No. 22 EAP 2017 |
| | : | |
| | : | Appeal from the Order of |
| v. | : | Commonwealth Court entered on |
| | : | 12/22/2016 at No. 2735 CD 2015 |
| | : | (reargument denied 02/17/2017) |
| BOARD OF LICENSE AND INSPECTION | : | affirming the Order entered on |
| REVIEW AND CITY OF PHILADELPHIA | : | 09/22/2015 by the Court of Common |
| | : | Pleas, Philadelphia County, Civil |
| | : | Division at No. 3768 October Term |
| APPEAL OF: THE CITY OF | : | 2014. |
| PHILADELPHIA | : | |
| | : | ARGUED: May 16, 2018 |


**CONCURRING OPINION**


**JUSTICE WECHT**                                            **DECIDED: September 13, 2018**

I join the Majority Opinion in full.

I write separately because, although the Majority applies the operative constitutional standard, *see* Majority Opinion at 11 (citing *Lutz v. Armour*, 151 A.2d 108, 110 (Pa. 1959)) ("[T]o pass constitutional muster, the Code, and the provisions therein, 'must not be unreasonable, unduly oppressive or patently beyond the necessities of the case, and the means which it employs must have a real and substantial relation to the objects sought to be attained.'"), I believe that this Court should abandon that test and embrace the more deferential federal standard. *See Shoul v. Pa., Dep't of Transp., Bureau of Driver Licensing*, 173 A.3d 669, 690 (Pa. 2017) (Wecht, J., Concurring) (citing *Williamson v. Lee Optical of Oklahoma Inc.*, 348 U.S. 483, 487-88 (1955), for the proposition that, under rational basis scrutiny, "[a] law need not be in every respect logically consistent with its aims to be constitutional. It is enough that there is an evil at

hand for correction, and that it might be thought that the particular legislative measure was a rational way to correct it."); *City of Phila. v. Lerner*, 151 A.3d 1020, 1024 (Pa. 2016).