JUSTICE WECHT, Concurring
I join the Majority Opinion in full.
I write separately because, although the Majority applies the operative constitutional standard, see Majority Opinion at 1120 (citing Lutz v. Armour , 151 A.2d 108, 110 (Pa. 1959) ) ("[T]o pass constitutional muster, the Code, and the provisions therein, 'must not be unreasonable, unduly oppressive or patently beyond the necessities of the case, and the means which it employs must have a real and substantial relation to the objects sought to be attained.' "), I believe that this Court should abandon that test and embrace the more deferential federal standard. See Shoul v. Pa., Dep't of Transp., Bureau of Driver Licensing , 173 A.3d 669, 690 (Pa. 2017) (Wecht, J., Concurring) (citing Williamson v. Lee Optical of Oklahoma Inc. , 348 U.S. 483, 487-88 (1955), for the proposition that, under rational basis scrutiny, "[a] law need not be in every respect logically consistent with its aims to be constitutional. It is enough that there is an evil at hand for correction, and that it might be thought that the particular legislative measure was a rational way to correct it."); City of Phila. v. Lerner , 151 A.3d 1020, 1024 (Pa. 2016).