## Yencha v. Kirkendall, City Controller.

*Robert Challis, Jr.*, for plaintiff; *Collins & Collins*, for defendant.

McLean, P. J., May 28, 1930.—Plaintiff, appointed to the office of assistant purchasing agent by the Council of the City of Wilkes-Barre, obtained a writ

of mandamus in the alternative form to compel the city controller to approve vouchers for salary. Defendant filed his return and plaintiff demurred thereto, raising the single question of law, to wit, the legal effect and validity of Ordinance No. 733, enacted by the Council of the City of Wilkes-Barre Feb. 4, 1930, fixing, *inter alia*, the salary of office of the assistant purchasing agent.

Defendant contends (1) that the ordinance is invalid because containing more than one subject; (2) the ordinance, if valid, does not operate to fix the salary of an officer appointed prior to its enactment.

The ordinance in question reads as follows:

"No. 733. An ordinance fixing the salaries of certain city officials and employees.

"Section 1. Be it ordained by the City Council of the City of Wilkes-Barre, and it is hereby ordained by the authority of the same: That from and after the first Monday of January, 1930, the salaries of the city officials and employees hereinafter named be and the same are hereby fixed as follows:

"Assistant purchasing agent, $2500 per annum, payable in semi-monthly instalments of $104.16.

"Clerk, Department of Public Safety, $2205 per annum, payable in semi-monthly instalments of $91.87.

"Additional assistant chief engineer, fire department, $2500 per annum, payable in semi-monthly instalments of $104.16.

"Section 2. That all ordinances or parts of ordinances conflicting with the provisions of this ordinance be and the same are hereby repealed."

The following facts are admitted in the pleadings:

1. By resolution adopted Jan. 21, 1930, George M. Yencha was appointed assistant purchasing agent. The resolution reads as follows:

"Be it resolved by the City Council of the City of Wilkes-Barre: That George Yencha be and he is hereby appointed as assistant purchasing agent for the balance of the term, commencing on the 22nd day of January, 1930, and ending on the first Monday of January, 1932. Said person to perform such duties and receive such salary as shall from time to time be designated by City Council."

2. On Jan. 22, 1930, George M. Yencha assumed the duties of said office.

3. On Jan. 27, 1930, Ordinance No. 733 was presented to the city council and was enacted on Feb. 4, 1930.

With defendant's first contention we cannot agree. Ordinance No. 733, *supra*, expresses clearly in its title its subject, to wit: "To fix the salaries of certain city officials and employees." While it serves to fix the salaries of several officials, nevertheless, the subject is sufficiently broad to include the salaries of all officials sought to be affected.

Defendant's second contention depends upon the construction to be given article v, section 3, clause 13, of the Act of June 27, 1913, P. L. 568, which reads as follows:

"To create any office, public board or department which they may deem necessary for the good government and interest of the city; to prescribe the powers thereof, and to regulate and prescribe the terms, duties and compensation of all such officers, and of all officers who are members of any public board of any department so created. But no ordinance shall be passed increasing or diminishing the salary or compensation of any officer, or of any member of any public board or department, after his or their election or appointment: Provided, however, that in case of the creation of any public board or department, the members thereof shall, except where otherwise pro-

vided by this act, be elected or chosen by the council; but no two persons from the same ward shall serve on the same board at the same time: Provided, that the provisions of this section as to the creation of any public board or department, and prescribing the duties thereof, shall not apply to the creation of any board of commissioners of water-works of any city wherein the title to the water-works therein located is in the name of the commissioners of water-works."

The meaning of this section is clear and precludes the increasing or diminishing of the salary of an office created under this statute after the appointment or election of the officer concerned. That the position of assistant purchasing agent is an office as distinguished from mere employment clearly appears from the ordinance creating the same and from the duties to be performed, for the position was created, its term fixed and the salary determined by ordinances (Ordinance No. 12, enacted Dec. 16, 1913, and Ordinance No. 92, enacted Nov. 20, 1914). The preamble of Ordinance No. 92, *supra*, recites the necessity for the office in the following language:

"Whereas, 5000 purchase orders are issued yearly by the city; and

"Whereas, to properly handle said purchase orders and to obtain the best prices in connection with purchases made by the city, it will require the services of one person constantly."

And further in the body of the ordinance we find the duties to be such as are designated by the superintendent of finance and the purchasing agent. The duties are of grave importance, that of purchasing supplies for the city, a responsibility which could not devolve upon a mere employee and a duty which could not be delegated by council except in the manner provided by law. (Act of May 27, 1919, § 6, P. L. 310, as amended by the Act of May 1, 1929, P. L. 1200).

The ordinance (No. 733, *supra*), passed on Feb. 4, 1930, attempts to fix the salaries of certain officials as of the first Monday in January, 1930; it is unnecessary here to determine its retroactive effect, for this ordinance having been passed after the election or appointment of the assistant purchasing agent could not serve to either diminish or increase his salary.

It was clearly the duty of the controller upon presentation of the warrants to ascertain if the salary provided therein was in accordance with the ordinance applicable thereto. In the present case, the assistant purchasing agent was entitled to the salary provided in the ordinance (No. 92, *supra*), in force at the time of his appointment or election and to nothing more. The ordinance (No. 733, *supra*) is a valid exercise of lawful authority, but affects only the salaries of officials therein referred to that might be appointed or elected subsequent to its passage.

The office of assistant purchasing agent was created by Ordinance No. 12, passed Dec. 16, 1913, as amended by Ordinance No. 92, passed Nov. 20, 1914, and the salary therein fixed at $1500 per annum, and thus the matter stood at the time (Jan. 21, 1930) of the passage of the resolution appointing the plaintiff to the office of assistant purchasing agent.

Inasmuch as the issue under the pleadings is one of law, the question involved can be disposed of by the court without the intervention of a jury. Accordingly, mandamus refused and judgment directed to be entered for the defendant.

From Frank P. Slattery, Wilkes-Barre, Pa.