In the Matter of HAROLD POSNER, Petitioner, against ROBERT J. COOPER, as City Manager of the City of New Rochelle, Respondent.

Supreme Court, Special Term, Westchester County, October 1, 1948.

*Henry P. Rubin* for petitioner.

*Aaron Simmons, Corporation Counsel (John A. Bodmer* of counsel), for respondent.

DAVIS, J. The petitioner seeks, in a political campaign, to use a sound truck or loud-speaker on the streets of New Rochelle. A city ordinance provides for the issuance of a permit by the city manager, subject to certain regulations and the payment of $25 per day for such use. The contention is that the ordinance is unconstitutional. Though other authorities are cited, the petitioner relies, in the main, upon a recent divided decision in the United States Supreme Court in the case of *Saia* v. *New York* (334 U. S. 558). Despite certain general statements quoted in petitioner's brief from the prevailing opinion, all that was actually decided in that case, in my judgment, was that the ordinance in question was unconstitutional and void by reason of the fact that it left the issuance of permission solely to the discretion of the chief of police and thereby curtailed the freedom of speech. It is to be noted in the *Saia* case (*supra*) the permission to use the loud-speaker was refused by the chief of police.

The situation before me differs. The question here is academic because there has been no refusal upon the part of the city manager — in fact it affirmatively appears that the city manager has offered to grant such permit upon compliance with certain regulations designed unquestionably to protect the good health, well-being and privacy of the public. A fair interpretation of the ordinance, in this court's view, is that it is mandatory upon the part of the city manager, upon such compliance, to issue such permission and, as far as the situation is presented, it has been so interpreted by the city authorities.

I hold the ordinance constitutional.

The petitioner further asserts that the amount of the fee is so large as to deprive the petitioner of the right of free speech.

There can be no doubt of the proposition that the city has the right to pass reasonable regulations and to charge a reasonable fee to enable the municipality to bear the financial burden of the enforcement of its regulations. Though the court might hold the opinion that a lower fee might be adequate, it cannot hold it so unreasonable as to seriously affect the right of free speech as compared with the right of peace, quiet and privacy.

Therefore, the petition in its entirety is denied. Settle order on notice at Special Term.