48 So.2d 80 (1950)
STATE ex rel. NICHOLAS
v.
HEADLEY, Chief of Police.
Supreme Court of Florida, en Banc.
October 10, 1950.
Hubbard & Carr, Miami, for appellant.
John W. Watson, Jr., and John D. Marsh, Miami, for appellee.
SEBRING, Justice.
Appellant was arrested for operating a vehicle in which was installed a mechanical loud speaking device over which the appellant was broadcasting a speech on the streets of Miami, Florida, in behalf of his candidacy for public office. After his arrest the appellant instituted a habeas corpus proceeding to test the constitutionality of the city ordinance under which the arrest was made. After arguments of counsel the Circuit Court of Dade County entered an order quashing the writ, and the appellant has appealed from that order.
The ordinance against which the attack is directed contains the following provisions:
"It shall be unlawful for an person to operate or cause or allow to be operated on any of the streets of this city, any vehicle to or upon which any mechanical *81 or musical sound making device, band, orchestra, musical instrument or loud speaker shall be attached, mounted or operated thereon or therein for the purpose of advertising, soliciting or attracting attention thereto, for any person whatsoever; provided, however, that nothing herein contained shall be construed as a prohibition against the use and operation of vehicles possessing such equipment in parades for which legal permits shall have been issued as provided for in section 133." See City of Miami Ordinance No. 2574, Section 195, October 21, 1941.
The appellant contends that the ordinance is unconstitutional and unenforceable as to him for the reason that it deprives his of his constitutional right to freedom of speech.
It is settled in this jurisdiction that the right of a citizen to use the public streets is not absolute and unconditional but may be controlled and regulated in the interest of the public good. Compare State ex rel. Harkow v. McCarthy, 126 Fla. 433, 171 So. 314; State ex rel. Pennington v. Quigg, 94 Fla. 1056, 114 So. 859.
In Kovacs v. Cooper, 336 U.S. 77, 69 S.Ct. 448, 453, 93 L.Ed. 513, 10 A.L.R.2d 608 an ordinance of the City of Trenton, New Jersey, was upheld by the Supreme Court of the United States which prohibited the operation upon the public streets of any vehicle equipped with a mechanical instrument of any kind which, when used, emitted therefrom "loud and raucous noises." In reaching its conclusion that the ordinance was a valid and reasonable exercise of the police power the Court said:
"City streets are recognized as a normal place for the exchange of ideas by speech or paper. But this does not mean the freedom is beyond all control. We think it is a permissible exercise of legislative discretion to bar sound trucks with broadcasts of public interest, amplified to a loud and raucous volume, from the public ways of municipalities. On the business streets of cities like Trenton, with its more than 125,000 people, such distractions would be dangerous to traffic at all hours useful for the dissemination of information, and in the residential thoroughfares the quiet and tranquility so desirable for city dwellers would likewise be at the mercy of advocates of particular religious, social or political persuasions. We cannot believe that rights of free speech compel a municipality to allow such mechanical voice amplification on any of its streets.
"The right of free speech is guaranteed every citizen that he may reach the minds of willing listeners and to do so there must be opportunity to win their attention. This is the phase of freedom of speech that is involved here. We do not think the Trenton ordinance abridges that freedom. It is an extravagant extension of due process to say that because of it a city cannot forbid talking on the streets through a loud speaker in a loud and raucous tone. * * *
"* * * We think that the need for reasonable protection in the homes or business houses from the distracting noises of vehicles equipped with such sound amplifying devices justifies the ordinance."
It appears to us that what was said in the opinion with respect to the Trenton, New Jersey, ordinance applies to the ordinance involved in this appeal. As we construe the challenged ordinance it does not deny to the appellant the right to operate his vehicle upon the public streets of the City of Miami. It merely prohibits his use of the sound amplifying device installed in the vehicle "for the purpose of advertising, soliciting or attracting attention thereto", while the vehicle is being operated upon the streets of the City.
We are advised by the record that the offense for which the appellant was arrested occurred on a busy downtown thoroughfare of the City at a place where traffic was highly congested. At the time of his arrest the appellant was broadcasting by means of the amplifying machine a speech in behalf of his candidacy for the legislature. The use of the loud speaker device was certainly for the purpose of attracting the attention of as many people as possible in the immediate area. The *82 "loud noises" emanating from the amplifier "constituted a traffic hazard endangering the safety of motorists operating upon the streets". Moreover, these noises were such "as to distract the attention of motorists upon such thoroughfare."
The order appealed from should be affirmed.
It is so ordered.
ADAMS, C.J., and TERRELL, CHAPMAN and ROBERTS, JJ., concur.
THOMAS and HOBSON, JJ., not participating.