Pennsylvania Gas and Water Company, Appellant *v.* Township of Old Lycoming and Commonwealth of Pennsylvania, Department of Transportation, Appellees.

Argued March 5, 1979, before Judges CRUMLISH, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*John M. Humphrey,* with him *Candor, Youngman, Gibson & Gault,* for appellant.

*Scott A. Williams,* for appellee.

*James J. Kutz,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Gerald Cornish,* Attorney General, for intervenor.

OPINION BY JUDGE MACPHAIL, June 1, 1979:

Pennsylvania Gas and Water Company (Appellant) instituted this action in equity to challenge the reasonableness of the permit issuance and inspection fees for installation and maintenance of gas pipes

located under the roads of the Township of Old Lycoming (Township). Because Appellant's complaint alleged that the statute which authorized the fees, Section 1156 of The Second Class Township Code, the Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §66156 (Code), was unconstitutional, the Pennsylvania Department of Transportation (Department) intervened as a defendant upon stipulation of the other parties. The Chancellor denied Appellant's requested relief and dismissed the complaint. Following the denial of Appellant's exceptions to the Chancellor's ruling, Appellant appealed to this Court. Appellant raises three issues for our consideration. We find them all to be without merit and, accordingly, we affirm.

Appellant first argues that in prescribing permit issuance and inspection fees for installation and maintenance of gas pipes beneath township roads, second class townships may not adopt the fee schedule for similar work utilized by the Department of Transportation. Section 1156 of the Code provides:

> No railroad or street railway shall hereafter be constructed upon any township road, nor shall any railroad or street railway crossings, nor any gas pipe, water pipe, electric conduits, or other piping, be laid upon or in, nor shall any telephone, telegraph, or electric light or power poles, or any coal tipples or any other obstructions be erected upon or in, any portion of a township road except under such conditions, restrictions and regulations relating to the installation and maintenance thereof, as may be prescribed in permits granted by the township for such purpose. Each application shall be submitted to the township, in duplicate, or such larger number as the township may require. *The township shall prescribe a fee as*

*determined by the Department of Transportation payable to the township not exceeding the approximate reasonable cost of processing the application, and another fee payable to the township not exceeding the approximate reasonable cost of making the first inspection hereafter described. Each application shall be accompanied by both fees.* When the township shall grant the permit applied for, the township supervisors shall inspect the work authorized by the permit upon the completion thereof, and when necessary, enforce compliance with the conditions, restrictions and regulations prescribed by the township. In addition to such inspection, the township supervisors may reinspect the work not more than two years after its completion, and if any settlement of the road surface or other defect shall appear in the work contrary to the conditions, restrictions and regulations of the township, it may enforce compliance therewith. If the applicant shall fail to rectify any such settlement or other defect, within sixty days after written notice from the township supervisors to do so, the township supervisors may do the work and impose upon the applicant the cost thereof, together with an additional twenty percentum (20%) of such cost, which may be recovered by an action in assumpsit in the court of common pleas of the county. All fees received by the township shall be paid into the township treasury. Nothing in this section shall be construed to require a permit in advance for emergency repairs necessary for the safety of the public or the restoration or continuance of public utility or other public service, but application for such permit and the fees shall be submitted as herein prescribed

within five days after completion of the work, and thereafter the remaining provisions of this section shall apply. Further, nothing in this section shall be construed to authorize or empower a township to regulate or control the operations of any permittee, except as provided for in this section. (Emphasis added.)

Pursuant to this statute, the Township adopted Ordinance No. 78 establishing the procedure for the installation, connection, and repairs of gas pipes located beneath Township roads. In pertinent part, Ordinance No. 78 provides:

Section 2: The application for a permit shall be on a form prescribed by the Township and submitted to the Township in triplicate. The application shall be accompanied by a fee in accordance with the Schedule of Fees set forth by the Department of Transportation, for Highway Occupancy Permits and Restoration Charges.

The fees in question, as prescribed by the Department and adopted by the Township, were $35.00 for repair costs ($20.00 for issuance of a permit and $15.00 for the Township's inspection of the work) and $40.00 for installation of gas mains and lines ($20.00 issuance fee and $20.00 general inspection fee).

Appellant argues that these fees are invalid because they are not based on the Township's actual cost of processing the application and inspecting the work but rather on the cost of similar services provided by the Department. We note initially that, even if the Appellant's contention is correct, the Township has no discretion in the matter of fixing fees for permits. The language of the statute is mandatory— "[t]he township *shall* prescribe a fee *as determined by the Department.* . . ." This is precisely what the Township did in the instant case. In the second place,

the statute does not restrict the Department as to the manner by which it shall determine fees to be charged by the Townships except to say that such fees shall not exceed the "approximate reasonable cost" of processing the applications and making the inspections. The Department in the instant case did use its own costs but it was not prohibited from doing so as long as the fees arrived at by that process did not exceed the approximate reasonable cost to the Township of performing the services involved. In the instant case, there was extensive testimony by Township witnesses as to the various services that were involved in granting the permits and one of the witnesses testified that based upon the Township's study of those services, the fees determined by the Department were reasonable. While the Appellants present contrary testimony, the Chancellor found as a fact that the fees did not exceed the approximate reasonable cost of processing the applications and making the inspections. We cannot say on this record that the Chancellor abused his discretion in making that finding.

Appellant next argues that the Chancellor erred in admitting into evidence the Department's fee schedule and the cost study on which it was founded. As we have just noted the statute does not prohibit the Department from using its own cost studies and fee schedule in determining fees to be charged by the Townships. To repeat, the only requirement with respect to such fees is that they shall not exceed the approximate cost of services rendered in processing the applications and making the inspections. In the instant case, after the various witnesses for the Township involved in the permit process testified, Walter Knerr, Administrative Assistant in the Department's Central Permit Office, testified to the procedures utilized by the Department in issuing permits and

conducting inspections for work projects similar to the work done by Appellant in the Township. He also stated that the Department's procedures were substantially similar to those followed by the Township. Other evidence showed that the salaries paid Township and Department employees involved in the permit process were similar. (For purposes of the permit fee schedule, the Township's salaries actually would be higher than the Department's because the Department in making its calculations did not include fringe benefits paid its employees, while the Township's calculations would include such a figure.) Finally, Anthony Pietropola, Highway Maintenance Specialist for the Department, testified that permit issuance and inspection would cost the Department less than it would the Township because the Department handled a high volume of permits and, therefore, could increase its efficiency, whereas the Township handled approximately 10 permits per year and could not develop a substantial amount of expertise in the process.

Given the in-depth study on which the Department's fee schedule was based and the similarities between Department and Township procedures and salary schedules, we find that the Chancellor did not err in considering the Department's fee schedule in determining whether the Township's fees were excessive.

Appellant's final argument is that the permit issuance and inspection fees determined by the Department and utilized by the Township are excessive. We disagree.

In determining the reasonableness of the amount of a license fee two principles must be borne in mind: (a) the party who claims that the amount of a license fee is unreasonable has the burden of so proving and (b) in matters of

195

this character municipalities must be given reasonable latitude in fixing charges to cover anticipated expenses to be incurred in the enforcement of the ordinance and all doubt should be resolved in favor of the reasonableness of the fee. . . . (Citation omitted.) (Footnote omitted.)

*Commonwealth ex rel. Hines v. Winfree,* 408 Pa. 128, 136-37, 182 A.2d 698, 703 (1962). It must be emphasized that "A license fee is valid if the amount thereof is reasonably commensurate with the actual cost to the municipality for special services rendered. . . ." (Citations omitted.) *American Baseball Club of Philadelphia v. Philadelphia,* 312 Pa. 311, 316, 167 A. 891, 892, *appeal dismissed,* 290 U.S. 595. The standard by which fees are to be judged is one of reasonableness. *Id.,* 312 Pa. at 320, 167 A. at 892.

As we have previously noted, there is a definite conflict in the evidence regarding the reasonableness of the fees charged in the instant case. Obviously, the Chancellor after considering all of the testimony resolved that conflict in the Township's favor. In such cases, even a preponderance of testimony against the Chancellor's findings will not nullify them if there is testimony which, if believed, will warrant them. *Ross v. Philadelphia Federation of Teachers,* 8 Pa. Commonwealth Ct. 204, 213, 301 A.2d 405, 409-10 (1973). We have no difficulty concluding from our reading of the record that there was testimony in the instant case which, if believed by the Chancellor, would warrant his findings.

Order affirmed.

ORDER

AND Now, this 1st day of June, 1979, the order of the Court of Common Pleas of Lycoming County, No. 76-2915 in Equity, is affirmed.